IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MILES FLOYD, as Administrator of the Estate of Armetia Chatmon (a.k.a. Armetia Chatman, Armeter Chatmon Bo Carter, and Bo Chatman)

Plaintiff,

v.

CAPITOL RECORDS, LLC, UNIVERSAL MUSIC GROUP, INC., DECCA RECORDS INCORPORATED, and RODERICK DAVID ("ROD") STEWART,

Defendants.

CIVIL ACTION

CASE NO. ______________

**COMPLAINT FOR WILLFUL COPYRIGHT INFRINGEMENT**

Plaintiff Miles Floyd, as Administrator of the Estate of Armetia Chatmon (*a.k.a.* Armetia Chatman, *a.k.a.* Armeter Chatmon, *a.k.a.* Bo Carter and *a.k.a.* Bo Chatman) ("Plaintiff"), files this Complaint against (a) Defendants Capitol Records, LLC, (b) Universal Music Group, Inc., (c) Decca Records Incorporated and (d) Roderick David ("Rod") Stewart (collectively, "Defendants") as follows:

## Introduction

1.

Armenter "Bo Carter" Chatmon was one of the country's earliest blues

musicians. The son of ex-slave and fiddler Henderson Chatmon, Bo Carter was known for a number of popular and innovative blues songs, including "Corrine, Corrina," the subject matter of this lawsuit.

2.

Rod Stewart and his co-Defendants willfully infringed Plaintiff's "Corrine, Corrina" ("Infringing Song"). Defendants were aware that "Corrine, Corrina" has been registered with the United States Copyright Office continuously since 1929, yet Defendants proceeded with their unauthorized version nonetheless.

3.

Additionally, Defendants continued to make the Infringing Song available for distribution through sale to consumers on digital outlets, such as Amazon.com and Apple's iTunes Store, even after receiving letters from Plaintiff's counsel asserting the infringement. *See* Exhibit A.

**Background**

4.

Without Plaintiff's permission, Defendants made copies and derivatives ("Infringing Song") of Plaintiff's famous and enduring country blues song, "Corrine, Corrina". A performance by Bo Carter of "Corrine, Corrina," can be viewed on YouTube, under the name "Corrine Corrina BO CARTER, Delta Blues Guitar

Legend."

5.

Mr. Stewart performed the Infringing Song and he, along with the other Defendants, published the Infringing Song on an album by Mr. Stewart titled *Time.* Defendants publicly released *Time* in the United States on or about May 7, 2013. Each Defendant substantially contributed to the reproduction, copying, distribution, performance and display of the Infringing Song in violation of Plaintiff's copyrights.

**Parties, Jurisdiction and Venue**

6.

Plaintiff Miles Floyd is the Administrator of the Estate of Armetia Chatmon (*a.k.a.* Armetia Chatman, Armeter Chatmon, Bo Carter, and Bo Chatman) (the "Estate"). The Estate was formed under the laws of the State of Tennessee. A true and accurate copy of the Order appointing Mr. Floyd as Administrator is attached hereto as Exhibit B. Mr. Floyd resides in Hinds County, Mississippi.

7.

Defendant Capitol Records, LLC is a division of Universal Music Group, Inc. and California limited liability company registered to do business in the State of Georgia. Defendant Capitol Records, LLC may be served with a copy of the summons and complaint in this action through its registered agent CT Corporation

System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

8.

Defendant Universal Music Group, Inc. is a California corporation with its principal place of business in the State of California. Defendant Universal Music Group, Inc. may be served with a copy of the summons and complaint in this action at the office of its registered agent, CT Corporation System, 818 W Seventh Street, 2nd Floor, Los Angeles, California 90017.

9.

Defendant Decca Records Incorporated is a division of Universal Music Group, Inc. and a California corporation with its principal place of business in the State of California. Defendant Decca Records Incorporated may be served with a copy of the summons and complaint in this action at the office of its registered agent, CT Corporation System, 818 W Seventh Street, 2nd Floor, Los Angeles, California 90017.

10.

Defendant Rod Stewart is a famous, singer-songwriter and an individual resident of the State of California. According to Wikipedia, Mr. Stewart is "one of the best-selling music artists of all time, having sold 100 million records worldwide." Upon information and belief, Defendant Rod Stewart may be served with a copy of

the summons and complaint in this action at his residence located in Los Angeles, California, or other location permitted by law.

11.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) as this action arises under the Copyright Act, 17 U.S.C §§ 101, *et seq*. This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367(a).

12.

The Court has personal jurisdiction over Defendants. Defendant Capitol Records, LLC is registered to do business and has a registered agent within the State. Also, all Defendants are subject to personal jurisdiction in this State pursuant to O.C.G.A. § 9-10-91, Georgia's Long Arm Statute, as a result of Defendants' substantial, continuous and systematic contacts with the State, and because Defendants have purposely availed themselves of the benefits and privileges of conducting business activities within the State.

13.

Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants have committed unlawful acts of infringement in this judicial district, Defendant Capitol Records, LLC has a registered agent in this judicial district, and

Defendant Capitol Records, LLC is subject to the court's personal jurisdiction in this judicial district.

**Facts**

14.

"Corrine, Corrina" is an innovative, 12-bar country blues song (the "Song").

15.

Given its great popularity, the Song has come to be known by several other titles, including "Corrine, Corrine," "Corrina, Corrina," "Lucille/Corrine, Corrina," "Carina, Carina," "Corrine Blues," "Alberta, Alberta", "Corrine Corrine: Corrinna", and "Corrinne Corrinna."

16.

The Song was written and originally recorded by Bo Carter.

17.

On December 5, 1929, the Song was registered with the Copyright Office by Armenter "Bo Carter" Chatmon and his publisher, J. Mayo Williams (the "1929 Registration," copy enclosed as Exhibit C).

18.

The 1929 Registration was timely renewed on December 3, 1957 ("1957 Renewal"). A copy of the Renewal is attached hereto as Exhibit D.

19.

In 1932, a second version of the Song was written and recorded by Bo "Carter" Chatman, J. Mayo Williams, and Mitchell Parish, which added one additional line of lyrics (the "1932 Version").

20.

The 1932 Version was registered with the Copyright Office on March 18, 1932.

21.

The 1932 Version was timely renewed on March 10, 1960 ("1960 Renewal"). A copy of the 1932 Version's renewal is attached hereto as Exhibit E.

22.

The Song and the 1932 Version (hereinafter, collectively referred to as the "Carter Songs") have earned great fame over the years and have been performed in a number of musical styles including blues, western swing, folk, rock, and country.

23.

The Carter Songs are fully protected copyrighted works.

24.

In or about 2012, Defendants participated in the recording and production of a studio album by Rod Stewart entitled *Time*.

25.

*Time* was released on May 3, 2013 in the United Kingdom, on May 7, 2013 in the United States, and on May 8, 2013 in Japan under the title "Time: toki no Tabi Hito."

26.

*Time* reached seventh on the Billboard charts in the United States and reached the number one spot on the UK Albums Chart in 2013.

27.

*Time* contains an unauthorized and infringing copy of the Carter Songs (the "Infringing Song"). The Infringing Song is nearly identical to the Carter Songs and contain substantially similar defining compositional elements, including, but not limited to lyrics, melody, rhythm, tempo, meter, key, and title. In fact, Defendants named their Infringing Song, "Corrina, Corrina."

28.

Defendants and/or their agents reproduced, copied, distributed, performed and displayed their Infringing Song, which is a copy or a substantially similar version of Carters Songs. Defendants did this without Plaintiff's permission.

29.

Defendants had access to the Carter Songs at the time they engaged in the

infringing acts.

30.

Upon information and belief, in addition to releasing the Infringing Song on the album *Time*, Mr. Stewart has performed and continues to perform his infringing version of the Carter Songs during live public performances.

31.

In addition to Defendants' infringing acts, Defendants posted or permitted others to post copies of Defendants' unauthorized public performances of the Infringing Song on YouTube. Specifically, Defendants infringing performances of the Carter Songs can be viewed at: https://www.youtube.com/watch?v=0jnqBiAeeGI, https://www.youtube.com/watch?v=e9nXRFD32-w, https://www.youtube.com/watch?v=SVq90w8EUwk, and https://www.youtube.com/watch?v=fZbmf6uo2wU.

32.

Defendants knew the Carter Songs were not in the public domain.

33.

Alternatively, Defendants should have known the Carter Songs were not in the public domain, as a simple search of the records of the United States Copyright Office would have revealed to Defendants that the Carter Songs remain registered

and protected.

34.

Defendants' willfully engaged in the infringing acts described herein.

**Count I- Copyright Infringement**

35.

Plaintiff incorporates into Count I, the preceding and subsequent Paragraphs with the same force and effect as if again set forth fully herein.

36.

Plaintiff is the sole owner of the copyright registrations for the Carter Songs.

37.

The Carter Songs incorporate elements of expression that are creative and original.

38.

As discussed above, Defendants have infringed Plaintiff's copyright in the Carter Songs by reproducing, distributing and publicly performing the Infringing Song. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

39.

The Infringing Song contains expression that is substantially similar to

expression created by Bo Carter and fixed in the Carter Songs.

40.

Defendants had access to the Carter Songs at the time they recorded and produced the Infringing Song due to the Carter Songs' popularity and fame as well as its prominent publication since at least 1929.

41.

Defendants' engaged in the infringing activities described herein, making them liable to Plaintiff for direct, contributory and vicarious copyright infringement of Carter Songs.

42.

Defendants each must disgorge to Plaintiff an amount equal to the sum of Defendants' profits attributable to Defendants' copyright infringement of the Carter Song. Plaintiff is also entitled to its lost profits due to Defendants' infringement. Defendants are also or alternatively liable to Plaintiff for damages based on other measurements, including, but not limited to, statutory damages.

**Count II – Preliminary and Permanent Injunctive Relief**

43.

Plaintiff incorporates into Count II, the preceding and subsequent Paragraphs with the same force and effect as if again set forth fully herein.

44.

Defendants replicated the Carter Songs when reproducing, distributing, and publicly performing the Infringing Song. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

45.

No adequate remedy at law exists that will prevent the immediate, irreparable harm to Plaintiff that will follow Defendants' further infringement of the Carter Songs.

46.

No legitimate and protectable interest of Defendants will be harmed if the Court grants the injunctive relief prayed for because Defendants can reproduce, distribute or publicly perform any non-infringing songs without incorporation of the Carter Songs.

47.

Unauthorized use of the Carter Songs is prohibited under the Copyright Act and other applicable state and federal law.

48.

The relief prayed for by Plaintiff in this cause of action is authorized under the Copyright Act, 17 U.S.C. § 502, and other applicable state and federal law.

49.

Plaintiff is likely to succeed at trial on the merits of its claim.

**Jury Demand**

50.

Plaintiff demands a trial by jury for all issues so triable.

**Prayer for Relief**

51.

WHEREFORE, Plaintiff requests the following relief:

(a) a declaration that all Defendants have infringed Plaintiff's copyrighted works in violation of the Copyright Act;

(b) a declaration that all Defendants have willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act;

(c) a declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement;

(c) an award of its attorney fees and costs pursuant to 17 U.S.C. § 505 and other applicable law;

(d) preliminary and permanent injunctions preventing further infringement of Plaintiff's copyright in the Carter Songs or any of Plaintiff's other copyrighted songs;

(e) award Plaintiff enhanced statutory damages against all Defendants for knowingly and deliberately copying the Carter Songs;

(g) an award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of the Infringing Songs as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 for each act of infringement;

(g) any other such relief that this Court finds just and proper.

Respectfully submitted, this ______th day of ________, 2015.

**LILENFELD PC**

*/s/David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kaitlyn A. Dalton
Georgia Bar No. 431935
Attorneys for Plaintiff

2970 Peachtree Road, NW, Suite 530
Atlanta, Georgia 30305
Phone: (404) 201-2520
Facsimile: (404) 393-9710
david@lilenfeldpc.com
robin@lilenfeldpc.com
kaitlyn@lilenfeldpc.com